NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 26 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELROY PEDRO GOMEZ, | No. 21-16999 |
| Petitioner-Appellant, | D.C. No. 3:19-cv-06129-SI |
| v. | |
| WILLIAM JOE SULLIVAN, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted January 24, 2023[**]
San Francisco, California

Before: GOULD, RAWLINSON, and BRESS, Circuit Judges.

Elroy Gomez appeals the district court's denial of his habeas petition under

28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. § 2253 and affirm.

1. We review the district court's denial of a § 2254 petition de novo. *Bolin*

*v. Davis*, 13 F.4th 797, 804 (9th Cir. 2021). Gomez's petition is governed by the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which bars relief unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). When, as here, the state court's denial of habeas relief is unaccompanied by an explanation, we "must determine what arguments or theories . . . could have supported[] the state court's decision; and then [we] must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

Gomez, who was convicted and sentenced to over 24 years in prison after a trial, argues that Frank Lang, his trial counsel, was ineffective in not encouraging him to accept a plea offer. To establish ineffective assistance of counsel, Gomez must demonstrate deficient performance and prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate deficient performance, Gomez must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* To show prejudice, Gomez must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Because AEDPA governs our review, Gomez "must

show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Bell v. Cone*, 535 U.S. 685, 699 (2002).

In this case, it would not have been objectively unreasonable for the California Supreme Court to conclude that Gomez failed to satisfy either of *Strickland*'s two required showings. With respect to counsel's performance, the state court could have concluded that Gomez has supplied insufficient evidence to suggest that Lang failed to provide him with appropriate advice. Gomez alleges certain "facts" about which Lang did not advise him, but Gomez does not dispute that he knew about and rejected the 9-year offer, or that he was aware of the maximum sentences on the charges that he faced. Many of the "facts" in Gomez's conclusory declaration turn on whether Lang failed accurately to advise Gomez on the chances that he would be convicted. But "[j]ust as there is no expectation that competent counsel will be a flawless strategist or tactician, an attorney may not be faulted for a reasonable miscalculation or lack of foresight." *Harrington*, 562 U.S. at 110.

In addition, the state court could have reasonably concluded that Lang's performance was not deficient because Lang could have reasonably believed that Gomez might succeed at trial. The charges against Gomez rested almost entirely on the testimony of one witness, and the California Supreme Court could have concluded that the inconsistencies in the witness's testimony—on which all the charges depended—gave Lang a valid basis to believe that a jury would not find the

3

witness credible. And "an erroneous strategic prediction about the outcome of a trial is not necessarily deficient performance." *Lafler v. Cooper*, 566 U.S. 156, 174 (2012).

Furthermore, the California Supreme Court could have concluded that any deficient performance was not prejudicial because it is speculative whether Gomez would have accepted the 9-year plea offer. Under *Strickland*'s prejudice prong, Gomez had to show there was "a reasonable probability [that he] would have accepted the earlier plea offer had [he] been afforded effective assistance of counsel." *Missouri v. Frye*, 566 U.S. 134, 147 (2012). It would not have been objectively unreasonable for the state court to conclude that Gomez failed to make this showing. Evidence in the record indicated that Gomez was unwilling to plead guilty and had rejected another plea offer because he wanted a drug rehabilitation program instead.

2. The district court did not abuse its discretion in not holding an evidentiary hearing. *See Sully v. Ayers*, 725 F.3d 1057, 1067 (9th Cir. 2013) (standard of review). Gomez has not shown he met the standard for an evidentiary hearing under 28 U.S.C. § 2254(e)(2). Regardless, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

4

**AFFIRMED.**